UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS H. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16 C 837 |
| | ) | |
| JEH CHARLES JOHNSON, Secretary | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Now before the Court is the motion of Secretary of the United States Department of Homeland Security, Jeh Charles Johnson, ("Defendant") to dismiss Plaintiff Thomas H. Edwards' ("Edwards") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the motion to dismiss is granted.

## BACKGROUND

For purposes of the instant motion, the following well-pleaded allegations derived from Edwards' amended complaint are accepted as true. The Court draws all reasonable inferences in favor of Edwards. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

In November 2011, Edwards, an African American male, resigned from the Federal Emergency Management Agency ("FEMA"), a component of the Department of Homeland Security ("DHS"). Dkt. 7, ¶¶ 2, 9, 15. Edwards claims that while performing his minimum job requirements, he was "treated differently and less favorably than female employees and non-African American employees." *Id.*, ¶ 5. On September 6, 2011, Edwards filed a formal Equal Employment Opportunity ("EEO") complaint alleging that the DHS, specifically FEMA, discriminated against him based on his sex and race, in violation Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000(e) *et seq.* Dkt. 7, ¶ 1; *see also* Dkt. 7-1, p. 2-3. Edwards also alleged that he was subjected to a hostile work environment due to the discrimination. *Id.* On November 9, 2012, the DHS Office for Civil Rights and Civil Liberties issued a Final Agency Decision, in response to Edwards' EEO complaint, concluding that Edwards "failed to prove by a preponderance of the evidence that" FEMA discriminated against him. Dkt. 7-1, p. 1. Edwards filed a timely appeal with the Equal Employment Opportunity Commission ("EEOC") on December 15, 2012. Dkt. 7, ¶ 15; Dkt. 7-3, p. 3.

In May of 2013, Edwards moved to Cleveland, Ohio. Dkt. 7, ¶ 15. He continued to work for the Federal Government as an employee of the Veterans Administration Agency ("VA"). *Id.* According to Edwards, in December 2013, the VA contacted the National Records Center and notified it of his employment with the VA. At that time, the VA also requested Edwards' personnel record from FEMA. *Id.*

Two years later, on December 10, 2015, Edwards contacted FEMA and requested an update on his appeal of the Final Agency Decision. *Id*. On that same day, in response to his request, Edwards received an email with a copy of the EEOC's decision regarding his appeal of the Final Agency Decision. *Id*. The EEOC's decision also included a right-to-sue notification. Dkt. 7-3, p. 7. Edwards claims that he did not receive the EEOC's June 10, 2015 decision because "it was sent to an old address," but that FEMA "should have been aware of his current address." Dkt. 7, ¶ 15. The EEOC's June 10, 2015 decision concluded that "Complainant was not subjected to disparate treatment discrimination or a hostile work environment because of his race or sex," and the decision unequivocally gave Edwards "ninety (90) days from the date you receive this decision" to file a lawsuit "in the appropriate United States District Court." Dkt. 7-3, p. 1, 7.

On January 20, 2016, Edwards filed his initial complaint with this Court alleging discrimination based on his sex and race in violation of Title VII. Dkt. 1. On March 15, 2016, Edwards filed an amended complaint. Dkt. 7. Subsequently, Defendant filed the instant motion to dismiss arguing that Edwards' Title VII claim is time-barred because it was "filed more than four months after the expiration of the 90-day limitation period." Dkt. 15, p. 1.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d

3

873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs.*, *Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendant moves to dismiss the amended complaint arguing that Edwards failed to file the instant suit within the ninety-day period allowed for filing. Dkt. 15, p. 1. In response, Edwards contends that "[a] complaint [ ] need neither anticipate nor overcome affirmative defenses such as the statute of limitations at this stage of the pleadings," and in the alternative, if the suit is untimely, Edwards "can show that he is entitled to equitable tolling." Dkt. 17, p. 2, 4. "Although generally a plaintiff is not required to plead around an affirmative defense, such as a statute of limitations, the

district court can dismiss a complaint as untimely if the plaintiff has admitted all the elements of the affirmative defense." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *see also O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015) ("if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground").

"It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider 'documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim.'" *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Thus, "if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Id*. A plaintiff is thereby prevented from "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Id*. (quoting *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)).

Here, Edwards not only referenced the EEOC's June 10, 2015 decision in his amended complaint, he also included it as an exhibit to his amended complaint as "Plaintiff's Exhibit C." *See* Dkt. 7-3, Plaintiff's Exhibit C. However, as recognized by Defendant, Plaintiff's Exhibit C appears to be incomplete. Dkt. 15, p. 2. Thus, attached to Defendant's motion to dismiss is what appears to be a complete copy of the EEOC's June 10, 2015 decision. *See* Dkt. 15-1, Exhibit 1. Defendant's Exhibit 1

5

is identical to Plaintiff's Exhibit C except that it includes page eight of the EEOC's June 10, 2015 decision. Dkt. 15-1; *cf.* Dkt. 7-3. Page eight of the EEOC's June 10, 2015 decision contains the certificate of mailing, the addresses to which the decision was sent, and the date the decision was sent to those addresses. *See* Dkt. 15-1, p. 9.

Edwards does not dispute the authenticity of this document and we note that page eight of Defendant's Exhibit 1 contains the same appeal number, 0120130976, as that listed on the first page of Plaintiff's Exhibit C. Accordingly, although the statute of limitations is an affirmative defense properly raised by a motion for judgment on the pleadings under Rule 12(c), "a district court may resolve the defense under Rule 12(b)(6) where (as here) it has before it everything 'needed in order to be able to rule on the defense.'" *Uppal v. Welch*, 15 C 8077, 2016 WL 2909652, at *4, n.4 (N.D. Ill. May 19, 2016) (citing *Walczak v. Chi. Bd. of Edu.*, 739 F.3d 1013, 1016, n.2 (7th Cir. 2014)) (quoting *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010)).

**I. Timeliness**

"A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001)). "The 90-day period of limitation set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue notice is actually received either by the claimant or by the attorney representing him in the Title VII action." *Id*. at 850 (quoting *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984)) (emphasis omitted); *see also Prince v. Stewart*, 580 F.3d 571,

574 (7th Cir. 2009) (same); *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999) (same). "However, when the claimant does not receive the notice in a timely fashion due to her own fault, the 'actual notice' rule does not apply." *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001) (citing *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984)).

Although the EEOC issued its decision on June 10, 2015, Edwards claims that he did not receive it until December 10, 2015, after he inquired with the EEOC regarding the status of his appeal. Dkt. 7, ¶ 15. Only then did Edwards allegedly discover that the EEOC sent its decision, along with the right-to-sue notification, to "an old address." *Id*. Edwards asserts that FEMA "should have been aware of his current address." *Id.* Thus, according to Edwards, the instant suit was timely filed on January 20, 2016, because he did not actually receive the EEOC's decision, and right-to-sue notification until December 10, 2015. *Id*.; *see also* Dkt. 17, p. 2.

This argument fails because despite Edwards' assertions that his former employer "should have been aware of his current address," the law requires Edwards to inform *the EEOC* of any change of address after a charge has been filed. *See* 29 C.F.R. § 1601.7(b); *see also St. Louis*, 744 F.2d at 1316-17 ("[s]ince 1997 people who have filed charges with the EEOC have been required to notify the Commission of any change of address"); *Ruffin-El v. St. Gobain Containers*, No. 13 C 1739, 2013 WL 3716658, at *2 (N.D. Ill. July 12, 2012) (a claimant has "the express burden of keeping EEOC apprised of any changes in the claimant's address from the one

7

originally furnished to that agency"). The Seventh Circuit acknowledged in *St. Louis v. Alverno College* that "claimants who do not receive actual knowledge of their right-to-sue letter *through no fault of their own* should not be penalized," however, a "plaintiff's failure to tell the EEOC that he [has] moved [is] not an event beyond his control." *St. Louis*, 744 F.2d at 1317 (emphasis added); *see also Saunders v. Am. Warehousing Servs., Inc.*, No. 02 C 7650, 2003 WL 21266652, at *2 (N.D. Ill. May 30, 2003) ("Saunders failed to notify the EEOC of the change in his address . . . [his] actions demonstrate that he was at fault for not receiving the letter sooner, so he cannot benefit from the actual notice rule.").

Here, Edwards failed to inform the EEOC of the change in his address. Thus, when a plaintiff fails to inform the EEOC that he or she has moved the ninety-day limitations period begins to run "on the date the notice was delivered to the most recent address plaintiff provided the EEOC." *St. Louis*, 744 F.2d at 1316-17; *see also Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005) (same); *King v. Ford Motor Co.*, No. 13 C 7967, 2015 WL 5722606, at *3 (N.D. Ill. Sept. 29, 2015) (same); *and Stavrou v. Mercy Hosp. and Med. Ctr.*, No. 01 C 2493, 2004 WL 1403715, at *1 (N.D. Ill. June 23, 2004) (same). "In the absence of evidence proving dates of delivery, the 'law presumes [timely] delivery of a properly addressed piece of mail.'" *Stavrou*, 2004 WL 1403751, at *1 (quoting *McPartlin v. Comm'r of the Internal Revenue Serv.*, 653 F.2d 1185, 1191 (7th Cir. 1981)). As there is no evidence of the actual date of delivery, the Court assumes the June 10, 2015 EEOC decision,

addressed to the address that Edwards provided to the EEOC was timely delivered. Accordingly, the ninety day period began to run at the latest on June 15, 2015.[1]

While normally "[a] complaint [ ] need neither anticipate nor overcome affirmative defenses such as the statute of limitations at this stage of the pleadings," as recognized by Edwards, "it is possible for a plaintiff to plead himself out of court by *admitting* all of the ingredients of an 'impenetrable defense.'" Dkt. 17, p. 2-3. In the instant matter, Edwards argues that the only admission he has made is that he was unaware of the EEOC's June 10, 2015 decision. Dkt. 17, p. 3. But Edwards was unaware of the EEOC's decision because he failed to notify the EEOC of his change of address after he moved in May of 2013. Dkt. 7, ¶ 15. Unfortunately for Edwards, in the instant matter, this is the "main ingredient" of an "impenetrable defense." Thus, Edwards has pleaded himself out of court by alleging facts that establish that the delay in filing resulted from his own negligence. He was required to file his complaint within ninety days of June 15, 2015. The initial complaint was filed on January 20, 2016, which was well beyond the ninety day filing period for a Title VII claim. Therefore, Edwards' Title VII claim is time-barred.

**II. Equitable Tolling**

Next, Edwards contends that while "he is not required to do so at this point in the proceedings, [h]e can show that he is entitled to equitable tolling." Dkt 17, p. 4.

---

[1] "Unless proven otherwise, the receipt date is presumed to be five days from the mailing date." *McClinton El v. Potter*, Nos. 06 C 5329, 06 C 6839, 2008 WL 5111182, at *4 (N.D. Ill. Dec. 4, 2008) (quoting *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989)).

However, the cases that Edwards cites to support this argument are either distinguishable or not controlling. *See Etheridge v. United States Army*, No. 01 C 8120, 2002 WL 31248473 (N.D. Ill. Oct. 4, 2002) (equitable tolling justified where Clerk's Office employees "affirmatively misled" plaintiff); *Payne v. Cook Cnty. Hosp.*, 719 F. Supp. 730 (N.D. Ill. 1989) (equitable tolling applied where *pro se* litigant timely filed suit after receipt of her right-to-sue letter, but she filed suit in the wrong court and limitations period expired while the case was filed in the improper court); *Ortiz v. Clarence H. Hackett, Inc.*, 581 F. Supp. 1258 (N.D. Ind. 1984) (initial complaint filed within the ninety day period); *Franks v. Bowman Transp. Co.*, 495 F.2d 398, 404 (5th Cir. 1974) (Title VII action was not time-barred where plaintiff never "received" the first right-to-sue letter, although it was sent to his mailing address, because his nine-year old nephew received the letter and subsequently lost it). The circumstances in *Etheridge*, *Payne*, *Ortiz*, and *Franks* are not present here. More importantly, however, the controlling authority precludes equitable tolling.

The Seventh Circuit has stated that:

> In discrimination cases equitable tolling extends filing deadlines in only three circumstances: when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that she has a claim[;] when a plaintiff makes a good-faith error such as timely filing in the wrong court; or when the defendant prevents a plaintiff from filing within the statutory period.

*Porter v. New Age Servs. Corp.*, 463 Fed. Appx. 582, 584 (7th Cir. 2012) (internal citations omitted). Edwards does not contend that equitable tolling is warranted in the

instant matter based on any of these three circumstances. Instead, he asserts that equitable tolling should apply because his "limited knowledge" of federal labor laws amounts to "excusable ignorance of or noncompliance with the limitations period, evidently with no prejudice to defendant." Dkt. 17, p. 4. However, this argument is unsupported by the relevant case law. *See Schmidt v. Wis. Div. of Vocational Rehab.*, 502 Fed. Appx. 612, 614 (7th Cir. 2014) ("although Schmidt did not have legal representation, mistakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations"); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("reasonable mistakes of law are not a basis for equitable tolling"); *Brown v. United Airlines Inc.*, 15 C 2751, 2015 WL 5173646, at *2 (N.D. Ill. Sept. 2, 2015) (plaintiff's "ignorance of the law [did] not excuse her untimely filing"); *Berry v. Potter*, No. 07 C 6282, 2008 WL 4066246, at *4 (N.D. Ill. Aug. 27, 2008) ("Berry is not entitled to equitable tolling of his claim since his ignorance of law argument is not a sufficient grounds on which to allow equitable tolling . . ."). Moreover, as Defendant correctly argues, a "litigant is entitled to equitable tolling if 'he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Dkt. 22, p. 2 (citing *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011)) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). While Edwards asserts that he would "follow-up from time to time" with the EEOC to "find out the status" of his appeal, his failure to inform the EEOC of his new address does not

amount to an "extraordinary circumstance that stood in his way and prevented timely filing" such that equitable tolling is warranted. *See Reschny*, 414 F.3d at 823 ("[h]is negligence in failing to apprise the EEOC of his change of address does not toll the period of limitations"); *see also St. Louis*, 744 F.2d at 1317 ("plaintiff's failure to tell the EEOC that he had moved was not an event beyond his control"). Accordingly, Edwards is not entitled to equitable tolling.

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss the amended complaint is granted with prejudice. Dkt. 13. It is so ordered.

_____
Charles P. Kocoras
United States District Judge

Dated: 7/29/2016